The dissolution of the partnership, I think, has no effect upon this case. It is true that event put it out of the power either partner to exercise any power derived from the articles of partnership, such as entering into contracts on behalf of the firm; but obligations created during its continuance, as far as they relate to third persons, lose nothing of their force by its dissolution. But it does not appear to me that this case depends at all upon that consideration. (210) It appears that both before and after the dissolution of *Page 120 
the partnership, they were jointly bound, and if they had jointly assumed and were jointly bound it matters not whether they were partners of any particular firm or not. In their joint assumpsit and joint obligation to pay the debt to the plaintiffs they were quoad hoc to be consideredpartners. It has nothing to do with a general partnership; it is sufficient if they jointly owed the debt; they thereby, as to that transaction, made themselves partners, and as such I think the acknowledgment of one takes the case out of the statute of limitations. Whitcomb v. Whiting, Doug., 652, appears to me decisive of this case. There it was held that an admission of one of several drawers of a joint and several promissory note takes the case out of the statute as to the rest. Wood v. Braddock, 1 Taunt., 104, is in point. The admission made by one of two partners after the dissolution of the firm, concerning joint contracts made during the copartnership, was held sufficient to charge the other partner. Let the rule for a new trial be discharged.
HENDERSON, J., concurred.
PER CURIAM. No error.
Cited: Willis v. Hill, 19 N.C. 234; Falls v. Sherrill, ib., 375; Waltonv. Robinson, 27 N.C. 343, 344; Cummins v. Coffin, 29 N.C. 197; Hubbardv. Marsh, ib., 205; Green v. Greensboro College, 83 N.C. 452; Wood v.Barber, 90 N.C. 79; Wells v. Hill, 118 N.C. 908.
(211)